Estate of JOHN DEVENNEY, Deceased.

[No. 5,238; decided February 23, 1909.]

**Destroyed Will.**—On an Application to Probate a Will destroyed in the lifetime of the testator by a public calamity, such as the destruction of a city by fire, the proponent must establish such destruction and show that it was without the knowledge of the testator, and also prove the provisions of the will by clear and distinct evidence from at least two credible witnesses.

**Destroyed Will.**—Where a Testator Leaves His Will in the Office of his attorneys, and thereafter to his knowledge the building in which the office is located is destroyed by fire, the will cannot be probated after his death as a lost or destroyed will.

Application for probate of a burned and destroyed will under section 1339, Code of Civil Procedure.

John B. Carson and Joseph Slye, for proponent Henry M. Donahue.

McElroy & Stetson, J. E. McElroy and John W. Stetson, for Sarah Feeley, opponent.

COFFEY, J. John Devenney died February 3, 1908, in San Francisco, being a resident thereof, and leaving estate therein.

On February 13, 1908, Henry M. Donahue filed an application, through his attorney, John B. Carson, for the probate of an instrument alleged to be the last will of the decedent dated February 21, 1905, in which the applicant was named as executor. The information upon which the petitioner based his belief as to the execution and contents of the will was derived from the attorney who drew the same and one of the subscribing witnesses, Thomas Dillon. The statements of these affiants, who were also witnesses on the hearing, show that the will was written by the attorney at the dictation of decedent in the presence of Carson, Dillon and Michael Flannery, the second subscribing witness, and signed and subscribed according to the requirements of the statute.

Devenney was about seventy years of age, and in all respects competent to make a will. It appears by the verified

statement annexed to the petition and by the testimony of the attorney that the will was left in the office of the said John B. Carson, 433-434 Parrott building, 825 Market street, San Francisco, and remained and was in said office on the eighteenth day of April, 1906, when the said building and all the contents thereof were totally destroyed in the general conflagration occurring at that time, and the will was then and there destroyed by fire and cannot be produced.

Contestant's contention is based mainly upon the claim that the instrument propounded is not a copy nor the substance of the original which was destroyed by the public calamity of April, 1906, in San Francisco, during the lifetime of decedent, with his knowledge, and that he was not at any time committed to nor an inmate of any institution for the insane and there was no will left by him at his death.

The first essential point is, Was this will destroyed without the knowledge of the testator?

Section 1339 of the Code of Civil Procedure says: "No will shall be proved as a lost or destroyed will, unless the same is proved to have been in existence at the time of the death of the testator, or is shown to have been fraudulently or by public calamity destroyed in the lifetime of the testator, without his knowledge, nor unless its provisions are clearly and distinctly proved by at least two credible witnesses; provided, however, that if the testator be committed to any state hospital for the insane in this state and after such commitment his last will and testament be destroyed by public calamity, and the testator is never restored to competency, then after the death of the said testator, his said last will may be probated as though it were in existence at the time of the death of the testator."

It is incumbent upon the proponent to establish the destruction by public calamity, in the lifetime of the testator, without his knowledge, of the instrument propounded; and, also, to prove its provisions by clear and distinct evidence from at least two credible witnesses.

Irrespective of contest, these facts must be established. The will cannot be admitted to probate without this proof.

The fire occurred in April, 1906; the decedent died in February, 1908, nearly two years thereafter. Apart from proved

actual knowledge, if any fact could be presumed as within the knowledge of everybody in the city, it was that the Parrott building with its contents was destroyed by fire on April 18, 1906.

No fact could be more notorious or need less evidence as coming within the cognizance of all aware of the circumstances of the conflagration.

The presumption is almost irresistible that decedent knew that the place wherein his will was deposited was destroyed on that occasion. Mr. Carson received ·the will from the testator immediately upon its execution and placed it in a desk in his office, where it was destroyed by the fire.

There is no escaping the inference that testator knew of this destruction, although he may not have thought it necessary to mention the matter to his·attorney; but he did speak of it to the witness Michael Flannery, whose evidence is not assailed as to its essential accuracy. Flannery testified very positively and directly on this point.

Mr. Flannery's testimony was to the effect that he subscribed the will as a witness on February 21, 1905; Devenney died February 3, 1908, three years after the execution of the instrument; this witness saw him frequently during that period; they were friends for forty years. In the course of a conversation between witness and decedent after April 18, 1906, the latter remarked that it was too bad the will was destroyed. Flannery said, "Was it destroyed?" Devenney answered "Yes." That was all that was said between them in reference to the will; decedent did not say when it was destroyed. This talk occurred as the pair were walking up Market street from six to ten months after the fire; no one else was present; Devenney was talking about his property and about rebuilding. Mr. Flannery is conceded to be a fair witness, although the counsel for proponent thinks he acted disingenuously in withholding from him the item of evidence that he communicated to the opposing counsel, but still he had always held Flannery in high esteem. The witness might have been more communicative, yet he may not have understood the import of the statement made by decedent until he was directly interrogated. His reticence may have been the result of want of appreciation of the importance of

the remark of Devenney, but he does not appear to have willfully suppressed the information and he is not accused of falsehood.

Mr. Flannery's testimony seems direct and dispassionate, without partiality, bias or interest in the outcome, and his answers were frank and positive.

It is true that Mr. Dillon, an equally old and intimate friend, had not been told by decedent of the destruction of the will in explicit terms. Dillon testifies that decedent did not say anything about the will being lost, in so many words; but on account of the Parrott building being destroyed, Dillon did not know whether the will was burned or not. He simply did not know of the actual destruction of the paper, although he did know, as everybody else did, that the building was burned and its contents consumed, and that among the contents was the instrument he had witnessed, which was consigned by Devenney to the custody of Mr. Carson, all of whose office papers and effects were lost by the fire. In view of the evidence on this issue, discussion of the second point seems unnecessary, and it also seems immaterial to consider upon whom the burden of proof is imposed in this particular proceeding, as there is a failure of the proof required under section 1339 to establish the will: See Estate of Johnson, 2 Cof. Pro. Dec. 429, Ross' Annotations.

The Probate of Lost or Destroyed Wills will be found discussed in Estate of Johnson, 2 Cof. Pro. Dec. 425, and note.